**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHELLE MIDDLETON<br>Plaintiff,<br>v.<br>DUPRE KELLY, CITY OF NEWARK, and JUDGE GRACE SPENCER,<br>Defendants. | Civil Action No. 25-13689 (JXN)(JRA)<br>**OPINION** |

**NEALS**, District Judge

Before the Court is Plaintiff Michelle Middleton's ("Plaintiff") application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1) and Complaint (ECF No. 1). Plaintiff's IFP application establishes Plaintiff's financial eligibility to proceed without prepayment of the filing fee and is **GRANTED**. As Plaintiff has been granted IFP status, Plaintiff's Complaint is subject to the Court's *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Complaint is **DISMISSED**.

## I. BACKGROUND

The following facts are derived from Plaintiff's Complaint.[1] In her Complaint, Plaintiff names as defendants the City of Newark Councilman Dupre Kelly ("Kelly"), Superior Court Judge Grace Spencer, J.S.C. ("Judge Spencer"), the City of Newark ("Newark"), Erica Finley, the Newark Police Department, the Newark Department of Buildings, and members of the Newark

[1] Plaintiff attached a letter to her Complaint. (*See* Pl.'s Ltr., ECF No. 1-3.) The Court will consider this document as part of Plaintiff's Complaint. The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) ("[T]he § 1915(d) frivolousness determination . . . cannot serve as a factfinding process for the resolution of disputed facts.")

City Council. (collectively "Defendants"). (*See* Compl. ¶¶ 7–6, ECF No. 1; Ltr. *1.[2])[3] Plaintiff alleges that she is a political rival of former Councilwoman LaMonica Mclver, who ran against Plaintiff in the 2024 Democratic primary for New Jersey's 10th Congressional District. (Compl. ¶ 8.) Plaintiff further alleges that Kelly, a close political ally and council colleague of Mclver, previously hired Plaintiff to provide fundraising services but failed to pay her $15,000 for those services. (*Id.* ¶ 9.) Approximately nine months before Plaintiff filed the Complaint, Kelly moved to a property located approximately ten feet from Plaintiff's home. (*Id.* ¶ 10.) According to Plaintiff, since Kelly moved to the property, she has been subjected to repeated and targeted harassment, including Kelly's installation of a fence on a shared driveway party wall without her consent. (*Id.* ¶ 11.) Plaintiff alleges that the fence has damaged her roof by obstructing contractors' access to the property and has exacerbated structural damage to her home's foundation. (*Id.* ¶ 12.) Although Plaintiff sent Kelly a notarized letter requesting that he remove the fence, Kelly allegedly ignored her request. (*Id.* ¶ 13.)

Plaintiff further alleges that her security cameras and personal cellphone have been hacked, causing her fear and stress and invading her privacy. (*Id.* ¶ 14.) She also claims that Kelly and others have falsely represented that Plaintiff and Kelly were involved in a romantic relationship, which Plaintiff contends is defamatory and damaging to her personal and professional reputation. (*Id.* ¶ 15.) Plaintiff asserts that, if such a relationship had existed, Kelly's alleged continued proximity to her, surveillance, and control over her property would constitute stalking and psychological abuse. (*Id.* ¶ 16.)

---

[2] Pin-cites preceded by an asterisk (*) refer to the pagination atop the CM/ECF header.

[3] The Court takes Judicial Notice that on July 8, 2025, Plaintiff filed a similar action in New Jersey Superior Court, Essex County. *See Middleton v. Kelly and Finley*, ESX-L-5247-25 ("State Filing"). It is further noted that the matter was transferred to Hudson County Superior Court under Docket No. HUD L-003544-25.

Plaintiff also raises allegations concerning Judge Spencer, who presided over "a related civil matter" and whom Plaintiff alleges is a personal friend of Kelly and the City Council and a former Corporation Counsel. (*Id.* ¶ 17.) According to Plaintiff, Judge Spencer failed to disclose these relationships or otherwise recuse herself from the matter. (*Id.*) Plaintiff also describes a prior interaction with Judge Spencer involving Judge Spencer's dogs allegedly defecating on Plaintiff's lawn, which prompted a discussion between them. (*Id.* ¶ 18.) Plaintiff contends that Judge Spencer exhibited bias during the related proceedings and disregarded procedural irregularities, resulting in what Plaintiff characterizes as a miscarriage of justice. (*Id.* ¶ 19.)

Based on these allegations, Plaintiff asserts five causes of action. In Count I, Plaintiff brings claims against Kelly under 42 U.S.C. § 1983 for alleged violations of the First, Fourth, and Fourteenth Amendments, including retaliation, unlawful search and surveillance, and deprivation of due process. (*Id.* ¶¶ 20–21.) In Count II, Plaintiff asserts defamation and false light claims against Kelly and his agents based on allegedly false and malicious statements concerning Plaintiff's personal life and suggesting that Plaintiff and Kelly had an intimate relationship. (*Id.* ¶ 22.) In Count III, Plaintiff asserts trespass and nuisance claims against Kelly arising from the installation of the fence, which she alleges unlawfully encroaches on her property, has caused significant damage, and obstructs necessary repairs to her home. (*Id.* ¶ 23.) In Count IV, Plaintiff asserts a claim for judicial misconduct and conflict of interest against Judge Spencer, alleging that Judge Spencer failed to recuse herself despite her personal and professional connections to the opposing party and exhibited bias in Plaintiff's case. (*Id.* ¶ 24.) Finally, in Count V, Plaintiff asserts a breach-of-contract claim against Kelly for his alleged failure to pay her $15,000 for fundraising services. (*Id.* ¶ 25.) In the letter attached to her Complaint, Plaintiff also asserts that Defendants'

actions constitute violations of 42 U.S.C. § 1985, harassment, stalking, official misconduct, intentional infliction of emotional distress, and "Abuse of Government Power." (Pl.'s Ltr. *1–2.)

Plaintiff seeks declaratory and injunctive relief; compensatory and punitive damages, including $684,000, the full value of her home; removal of the allegedly unlawful fence; cessation of further harassment; restitution of the $15,000 allegedly owed for her fundraising services; an injunction prohibiting Defendants from further contacting or interfering with Plaintiff; and an award of costs and fees. (Compl. *3.)

## II. LEGAL STANDARD

In submitting the IFP application, the Complaint is subject to *sua sponte* screening and may be dismissed if, among other things, the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Brown*, 941 F.3d at 662.

The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure[4] 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege

[4] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

sufficient facts in their complaints to support a claim" and comply with the Federal Rules of Civil Procedure. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Rule 8 requires a complaint to contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8" when it "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Ruther v. State Ky. Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (citation and internal quotations omitted).

## III. DISCUSSION

### A. Plaintiff's Complaint Fails to Satisfy Rule 8

As an initial matter, Plaintiff's Complaint does not provide sufficient factual allegations from which the Court can discern a plausible federal claim against Defendants. Although Plaintiff identifies numerous constitutional provisions, statutes, and causes of action, the Complaint largely consists of conclusory assertions without facts explaining what each Defendant allegedly did, when the conduct occurred, or how that conduct violated Plaintiff's federal rights.

This deficiency is particularly apparent with respect to Newark, which Plaintiff names as a Defendant but against which she asserts no specific factual allegations. (*See generally* Compl.) Plaintiff also attaches a letter to the Complaint that identifies Erica Finley ("Finley"), the Newark Police Department, the Newark Department of Buildings, and the Newark City Council, but provides no meaningful factual allegations explaining who Finley is, what Finley or any of these entities did, or how their conduct caused Plaintiff an actionable injury. (*See generally* Pl.'s Ltr.) Plaintiff's letter also references additional causes of action—including conspiracy under 42 U.S.C. § 1985, intentional infliction of emotional distress, and "abuse of government power"—without identifying the factual basis for those claims. (*Id.*)

Merely identifying a defendant and listing constitutional provisions or causes of action is insufficient. *See Conserve v. City of Orange Twp.*, No. 21-872, 2021 WL 3486906, at *2 (D.N.J. Aug. 9, 2021) (stating that Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") A plaintiff must plead facts permitting the Court and each defendant to understand the conduct giving rise to the claim. *See Twombly*, 550 U.S. 544, 555; Fed. R. Civ. P. 8(a). Because the Complaint does not do so, it fails to satisfy Rule 8 and is subject to dismissal on that basis alone.

**B. Section 1983 Claims Against Kelly**

Even construing the Complaint liberally, Plaintiff does not plausibly allege a claim against Kelly under 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). A defendant does not act under color of state law merely by holding public office; rather, the challenged conduct must be fairly attributable to the State or undertaken through the exercise of authority possessed by virtue of state law. *See Fiscella v. Twp. of Belleville*, No. 16-760, 2016 WL 7015627, at *3 (D.N.J. Dec. 1, 2016) ("Although a public employee generally acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law[,] a state employee or officer whose purely private acts were not furthered by any actual or purported state authority will not be found to have acted under color of state law.") (citation modified).

Here, Plaintiff alleges that Kelly, a Councilman, violated her First, Fourth, and Fourteenth Amendment rights through retaliation, surveillance, harassment, and interference with her property. (*See* Compl. ¶¶ 21-23.) Yet, the factual allegations underlying those claims principally concern Kelly's conduct as Plaintiff's neighbor and their prior personal, political, and professional

dealings. (*See id*. ¶¶ 8–16.) Specifically, Plaintiff alleges that Kelly installed a fence between their neighboring properties, spread false rumors concerning an alleged intimate relationship with Plaintiff, harassed or surveilled Plaintiff, and failed to pay Plaintiff for fundraising services she previously performed. (*Id*.) Nothing in the Complaint plausibly connects these alleged acts to Kelly's governmental position or suggests that he invoked, exercised, or misused governmental authority in carrying them out. Accordingly, the mere allegation that Kelly is a Councilman does not convert what otherwise appears to be private conduct into state action. *See Fiscella*, 2016 WL 7015627, at *3. Because Plaintiff has not alleged facts plausibly showing that Kelly acted under color of state law in connection with the conduct challenged in the Complaint, her § 1983 claims against him fail.

Moreover, even apart from the state-action deficiency, Plaintiff does not allege sufficient facts to establish the constitutional violations she invokes. For example, Plaintiff does not identify protected First Amendment activity for which Kelly allegedly retaliated, the governmental search or seizure underlying her Fourth Amendment claim, or the constitutionally protected liberty or property interest and deficient process supporting her Fourteenth Amendment due process claim. (*See generally* Compl and Pl.'s Ltr.) Accordingly, her generalized references to retaliation, "search/surveillance," and due process do not independently state plausible constitutional claims.

**C. Claims Against Judge Spencer**

Plaintiff's claims against Judge Spencer are also subject to dismissal under the doctrine of absolute judicial immunity. "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). "Judicial immunity also extends to suits brought under 42 U.S.C. § 1983." *Brown v. Donio*, No. 14-5697, 2014 WL 5089579, at *2 (D.N.J. Oct. 9, 2014). "A judge will not be deprived of immunity because the action [she] took was in error, was done

maliciously, or was in excess of [her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000) ("[I]mmunity will not be lost merely because the judge's action is 'unfair' or controversial."). Judges of the Superior Court of New Jersey "[are] absolutely immune from liability for [their] judicial acts even if [their] exercise of authority is flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 359.

"[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Id*. In determining whether an act qualifies as a "judicial act," courts look to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in [their] judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

Here, Plaintiff alleges that Judge Spencer improperly handled a related state-court litigation because of personal connections to Kelly and otherwise failed to recuse herself from the matter. (Compl. ¶¶ 17–19.) While a separate incident related to Judge Spencer's alleged failure to clean up after her dog while on Plaintiff's front lawn is referenced in the Complaint (*id*. ¶ 18), the basis of Plaintiff's Complaint and request for relief are grounded in a judicial act and Judge Spencer's official capacity as a Superior Court Judge. *See e.g. Gallas*, 211 F.3d at 769. These allegations concern conduct Judge Spencer undertook while presiding over judicial proceedings and therefore concern judicial acts. Accordingly, because Plaintiff seeks to impose liability based solely on actions taken by Judge Spencer in the exercise of her judicial functions, Plaintiff's claims against

Judge Spencer are barred by absolute judicial immunity and must be dismissed under § 1915(e)(2)(B).

To the extent Plaintiff seeks injunctive relief against Judge Spencer under § 1983, such relief is also generally unavailable because § 1983 provides that, in an action against a judicial officer for an act or omission taken in that officer's judicial capacity, "injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff alleges neither circumstance.

**D. Claims Against Newark and Other Governmental Entities**

Plaintiff also fails to state a § 1983 claim against Newark. "A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*." *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691(1978); *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Rather, municipal liability requires a plaintiff to identify a municipal policy or custom that caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694. Here, Plaintiff alleges no facts concerning any policy, custom, practice, or decision attributable to Newark, much less one that caused a violation of her constitutional rights. Thus, Plaintiff's § 1983 claim against Newark therefore fails.

The same fundamental pleading defect applies to the Newark Police Department, Department of Buildings, and City Council identified in Plaintiff's attached letter. Plaintiff does not explain what these entities allegedly did or how their conduct violated her rights. Accordingly, even assuming these entities are properly treated as Defendants notwithstanding their appearance only in the letter Plaintiff attached to her Complaint, the pleading fails to state a plausible claim against them. Moreover, Plaintiff's claims against the Newark Police Department, Department of Buildings, and City Council cannot be sustained as they are not separate entities from the

municipality. *Castro v. New Jersey*, 521 F. Supp. 3d 509, 515 n.4 (D.N.J. 2021) ("municipal police departments or departments of public safety are not separate entities from the municipalities"); *see also Buffaloe v. City of Plainfield*, No. 12-03295, 2013 WL 2182327, at *2 (D.N.J. May 20, 2013) (same). Because the Newark Police Department, Department of Buildings, and City Council are not a separate entity from the City of Newark, Plaintiff's claims against them are dismissed.

**E. Section 1985 Claim**

Plaintiff's passing reference to 42 U.S.C. § 1985 in the Complaint similarly fails to state a claim. Plaintiff neither pleads facts suggesting the existence of an agreement among Defendants, nor identifies acts undertaken in furtherance of such an agreement. Instead, Plaintiff merely invokes the statute and broadly characterizes Defendants' conduct as a conspiracy. (*See* Pl.'s Ltr. *1.)

To the extent Plaintiff seeks to proceed under § 1985(3), the claim is deficient based on Plaintiff's failure to allege that the purported conspiracy was motivated by racial or otherwise class-based, invidiously discriminatory animus. See *Farber v. City of Paterson*, 440 F.3d 131, 135, 143 (3d Cir. 2006). Moreover, to the extent Plaintiff alleges that Defendants acted against her based on political rivalry or affiliation, the Third Circuit has expressly held that political affiliation does not constitute the type of class-based discriminatory animus cognizable under § 1985(3). *Id.* at 143. Accordingly, Plaintiff fails to state a claim under § 1985.

**F. State Law Claims**

The remainder of Plaintiff's claims—including defamation and false light, trespass and nuisance, breach of contract, and intentional infliction of emotional distress—arise under state law. These claims appear to be the core of the dispute between Plaintiff and Kelly, involving an alleged property dispute between neighbors, unpaid compensation for services rendered, harassment, and defamatory comments about Plaintiff's personal life. (*See generally* Compl.) However, having

dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, Plaintiff's state-law claims are dismissed without prejudice to Plaintiff's ability to pursue them in an appropriate state forum.

**G. Leave to Amend**

When dismissing a case brought by a pro se plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff leave to amend. *Grayson v. Mayview State Hosp*., 293 F.3d 103, 110-11 (3d Cir. 2002). The Court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party, or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Amendment of Plaintiff's claims against Judge Spencer is futile because they are barred by absolute judicial immunity and dismissed with prejudice. As to Plaintiff's remaining federal claims, however, the Complaint's deficiencies largely concern the lack of factual allegations to support the claims asserted. Thus, the Court will provide Plaintiff with an opportunity to file an amended complaint within thirty (30) days that complies with Rule 8, by alleging facts detailing: (1) what each Defendant personally did; (2) when and, where relevant, in what capacity the Defendant acted; (3) how the conduct violated a specific federal right; and (4) the relief Plaintiff seeks against each Defendant. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, Plaintiff's claims will be dismissed with prejudice.

## IV. <u>CONCLUSION</u>

For the reasons stated above, Plaintiff's IFP application (ECF No. 1-1) is **GRANTED**, and the Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) as follows: Plaintiff's claims against Judge Spencer in her judicial capacity are **DISMISSED *with prejudice***. Plaintiff's remaining federal claims are **DISMISSED *without prejudice*** for failure to comply with Rule 8

and failure to state a claim upon which relief may be granted. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(c)(3), and those claims are **DISMISSED** ***without prejudice***. To the extent Plaintiff can cure the deficiencies outlined herein, the Court will give Plaintiff thirty (30) days to file an amended complaint. If Plaintiff fails to file an amended pleading within that time, the Complaint will be dismissed with prejudice in its entirety. An appropriate Form of Order accompanies this Opinion.

**DATED:** August 31, 2026

**JULIEN XAVIER NEALS**
**United States District Judge**